UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS LEWIS,

        Plaintiff,

v.

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.
_____/

Civil Action No.: 20-12516
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2]**

Plaintiff Douglas Lewis has filed a complaint and an application to proceed *in forma pauperis*. [ECF No. 1, 2].[1] His application to proceed *in forma pauperis* should be **DENIED**, and he should be required to pay the filing fee in this matter.

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." When

---

[1] The case has been referred to the undersigned under 28 U.S.C. § 636(b)(1). [ECF No. 3].

reviewing an IFP application, courts consider the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any). *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015). "An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life." *Id.* Courts deny IFP applications when applicants have assets or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (collecting cases).

Here, Lewis's IFP application shows that his assets exceed the $350 filing fee. 28 U.S.C. § 1914(a). Lewis states that he has $6,000.00 in cash or in a bank account, and that he owns two automobiles—a 2015 Jeep Cherokee and a 2011 Chrysler Town and Country—of unknown value. [ECF No. 2, PageID.5]. For his monthly expenses, he specifies only a $750 a month payment on a business loan. [*Id.*]. Thus, Lewis's "access to court is not blocked by his financial condition, but rather he is properly in the position of having to weigh the financial constraints posed by pursuing his complaint against the merits of his claims," *Carroll*, 2015 WL 404105 at

\*3., and the Court **RECOMMENDS** that Lewis's application be **DENIED**.

Dated: September 16, 2020  s/ Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
 United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2020.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager