UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS LEWIS,

    Plaintiff,                                                            Case No. 20-CV-12516

vs.                                                                         HON. MARK A. GOLDSMITH

COMISSIONER ANDREW SAUL,

    Defendant.
_____/

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED SEPTEMBER 11, 2023 (Dkt. 22) and (2) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Dkt. 19)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Elizabeth A. Stafford, issued on June 10, 2023 (Dkt. 22). In the R&R, the Magistrate Judge recommends that Plaintiff's motion for attorney fees (Dkt. 19) be granted. Specifically, it recommends that the Court award Erika Riggs $12,941 in attorney fees and that she be ordered to refund the Plaintiff the Equal Access to Justice Act award of $5,681.82.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Plaintiff's motion for attorney fees (Dkt. 19) is granted. The Court awards Riggs $12,941 in attorney fees and orders her to refund the Plaintiff the Equal Access to Justice Act award of $5,681.82.

**SO ORDERED.**

Dated: August 1, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 1, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager